7710008-05

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| SHADY OAKS BAPTIST CHURCH OF HURST<br><br>Plaintiff,<br><br>V.<br><br>UNITED FIRE AND CASUALTY COMPANY<br><br>Defendant | §§§§§§§§§§§§§ | CIVIL ACTION NO. 4:41-CV-661 |

## APPENDIX

| No. | Date Filed or Entered | Document |
|---|---|---|
| B | | State Court Civil Docket Sheet |
| C | 04/15/21 | Plaintiff's Original Petition |
| D | 04/16/21 | Citation to United |
| E | 05/06/21 | United's Original Answer |
| F | 05/06/21 | United's Jury Demand |
| G | 05/11/21 | Curnutt Vacation Letter to Court |
| H | 05/17/21 | State Court Notice of Filing Notice of Removal |

# EXHIBIT "A"

# Case Information

## THE SHADY OAKS BAPTIST CHURCH OF HURST VS. THE UNITED FIRE & CASUALTY COMPANY
141-324710-21

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Tarrant Count - District Clerk | Civil - Contract | Debt/Contract - Consumer/DTPA | 4/15/2021 |

## Parties 2

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | THE SHADY OAKS BAPTIST CHURCH OF HURST | KELLY J CURNUTT |
| Defendant | THE UNITED FIRE & CASUALTY COMPANY | ROBERT F SCHEIHING |

## Events 5

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 4/15/2021 | Filing | Petition | Plaintiff's Original Petition | Original Petition.pdf, Service Request Form.pdf |
| 4/19/2021 | Filing | No Fee Documents | Cit Return - United Fire & Casualty Company - CH | Cit Return - United Fire & Casualty Company - CH.pdf |
| 5/6/2021 | Filing | Answer/Response | Defendant's Original Answer | 7710008 Answer.pdf |
| 5/6/2021 | Filing | Request | Demand for Jury | 7710008 Jury Demand.pdf |
| 5/11/2021 | Filing | Notice | Curnutt Vacation Letter to Court | Curnutt Vacation Letter to Court.pdf |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.4.0.3179

EMPOWERED BY
TYLER TECHNOLOGIES



DEFENDANT'S EXHIBIT B

```
                                                                    FILED
                                                              TARRANT COUNTY
                                                              4/15/2021 2:15 PM
                    CAUSE NO. 141-324710-21                   THOMAS A. WILDER
                                                               DISTRICT CLERK
```

| | | |
|---|---|---|
| SHADY OAKS BAPTIST CHURCH OF HURST, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § § | TARRANT COUNTY, TEXAS |
| UNITED FIRE AND CASUALTY CO., | § § § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW Plaintiff Shady Oaks Baptist Church of Hurst complaining of Defendant United Fire and Casualty Company, and for cause of action respectfully shows the Court as follows:

### I.
### MANDATORY DISCOVERY LEVEL STATEMENT

1. Pursuant to Texas Rule of Civil Procedure 190.3, discovery in this case will be conducted under Level 2.

### II.
### MANDATORY STATEMENT OF RELIEF SOUGHT

2. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that it seeks damages within the jurisdictional limits of the Court. In this regard, Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

### III.
### PARTIES

3. Plaintiff Shady Oaks Baptist Church of Hurst ("Plaintiff") is a religious nonprofit corporation located in Hurst, Texas.

PLAINTIFF'S ORIGINAL PETITION - Page 1


DEFENDANT'S EXHIBIT C

4. Defendant United Fire & Casualty Company ("Defendant") is an Iowa insurance company engaged in the sale and servicing of insurance contracts to the general public in the State of Texas. Defendant may be served with process through its Attorney for Service with the Texas Department of Insurance. Service can be had on Defendant by serving CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this cause of action as the amount in controversy is in excess of the minimum jurisdictional limitations of this Court.

6. Venue is proper in Tarrant County pursuant to section 15.032 of the Texas Civil Practice and Remedies Code because the insured property that is at issue in this lawsuit is situated in Tarrant County. Venue is also proper in Tarrant County under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Tarrant County.

## V.
## FACTS

7. The insurance claims at issue relate to Plaintiff's buildings located at 1336 Cavender Drive, Hurst, Texas 76053 (the "Property").

8. Plaintiff purchased commercial property insurance from Defendant covering its Property through policy number 70306082 (the "Policy"). During all relevant periods, Plaintiff maintained the Policy with no lapses of coverage.

9. Plaintiff's Property suffered a loss during the Policy's coverage period. As a result of the storm damage, the Property's roofs had to be replaced. Pursuant the Policy,

Defendant is responsible for covering the cost of the roofs' replacement, less Plaintiff's deductible.

10. Plaintiff then hired a contractor to replace the damaged roofs. While Defendant made some payments to Plaintiff for the roofing work, Defendant refuses to submit full payment even though the obligation to pay the claim is clear.

11. Specifically, Plaintiff retained a roofing engineer who performed a comprehensive inspection of all the roofs on the Property. The roofing engineer's report indicated that the Property suffered extensive damage to all roof surfaces throughout the Property. Notably, the roofing engineer also found a substantial presence of moisture throughout the Property's roofing systems, which requires a full roof replacement to avoid future water intrusion and leaks.

12. As a result of the disagreement between Defendant and Plaintiff as to the scope and cost of damages, Plaintiff initiated the appraisal process as outlined in the parties' Policy by sending Defendant a certified letter requesting same.

13. On or around June 9, 2020, the appraisal umpire awarded Plaintiff $592,733.43 toward the repairs to its Property. Most importantly, the umpire incorrectly declared that the adopted building code required that the roofing systems throughout the Property must be entirely removed and replaced because repairs to the parapet walls cannot be tied into a wet roof—a determination of coverage and beyond the umpire's scope of authority.

14. Based on Mr. Lochridge's improper appraisal award, Defendant immediately placed the award under the Policy's code coverage and paid Plaintiff only $26,000.00, making Defendant's total payment to Plaintiff in the amount of approximately $95,000.00, despite the substantial and costly damages to Plaintiff's Property.

15. On or around February 9, 2021, the umpire updated his award and deleted all reference to the code coverage or causation in his appraisal award. Based on that amendment, Defendant's appraiser agreed to the deletions and signed the amended award.

16. Undeterred by the fact that the umpire has amended his award and awarded Plaintiff the full $592,733.43 for necessary repairs to the Property's roof, Defendant has continued to deny coverage.

17. Defendant's excuses for not paying the claim are, frankly, absurd. The primary dispute centers around Defendant's unsupported assertions that Plaintiff's damages are limited to the Policy's building code coverage because the Property's parapet walls cannot be replaced without replacing the entire roof. More specifically, Defendant relies on the adopted building code, arguing that it dictates parapet walls may not be tied into a wet roof, and therefore, Plaintiff's damages fall under the Policy's code coverage, which provides inadequate coverage for Plaintiff's damages. However, it is a well-known industry standard that parapet walls cannot be replaced by tying into a wet roof because it will inevitably fail due to the moisture within the roof—regardless of building code standards. In short, no contractor in the roofing industry would tie into a wet roof regardless if it was required by the adopted building code or not.

18. Additionally, Defendant now asserts that Plaintiff failed to file a claim within a timely manner despite the fact that the damage was latent and was reported by Plaintiff immediately once discovered.

19. Plaintiff has fully complied with all conditions of the Policy prior to bringing suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant has failed and refused to adequately compensate Plaintiff as required by the Policy.

# VI.
# CAUSES OF ACTION

**A.   BREACH OF CONTRACT**

20.   The Policy is and continues to be a valid and enforceable contract.

21.   Plaintiff is a proper party to sue for breach of contract.

22.   Plaintiff performed its contractual obligations under the Policy.

23.   Defendant breached its contract with Plaintiff by failing and refusing to adequately compensate Plaintiff for the damages it sustained as covered by the Policy.

24.   Defendant's breach caused Plaintiff damages.

**B.   BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

25.   The Policy created a duty of good faith and fair dealing.

26.   Defendant breached its duty of good faith and fair dealing when it denied or delayed full payment when Defendant knew or should have known Defendant's liability was reasonably clear.

27.   Defendant's breach of its duty of good faith and fair dealing proximately caused Plaintiff damages.

**C.   VIOLATION OF CHAPTER 541, SUBCHAPTER B, OF THE TEXAS INSURANCE CODE—DECEPTIVE INSURANCE PRACTICES.**

28.   Plaintiff is a "person" as defined by Texas Insurance Code section 541.002(2).

29.   Defendant is a "person" as defined by Texas Insurance Code section 541.002(2).

30.   Defendant engaged in an act or practice that violated Texas Insurance Code chapter 541. Specifically, Defendant has violated the following sections of chapter 541:

    a.   Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (section 541.060(a)(2)); and

b. Failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim or for the offer of a compromise settlement of a claim (section 541.060(a)(3)).

31. Defendant's acts or practices were a producing cause of Plaintiff's actual damages.

32. Upon information and belief, Plaintiff will show that these acts and omissions by Defendant was done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, Plaintiff requests that the trier of fact award Plaintiff additional damages of up to three times the sum of actual damages suffered, pursuant to Section 541.152 of the Texas Insurance Code.

33. Plaintiff gave notice of its intention to file this action more than sixty (60) days prior to the filing hereof in conformity with section 541.154(a) under Chapter 541 of the Texas Insurance Code.

D. **VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE—PROMPT PAYMENT STATUTE**

34. Defendant's conduct as described above constitutes violations of chapter 542 of the Texas Insurance Code.

35. Plaintiff has a claim under the Policy.

36. Plaintiff gave proper notice of its claim to Defendant.

37. Defendant is liable for the claim.

38. Defendant violated chapter 542 by not timely paying the claim.

39. Pursuant to Texas Insurance Code section 542.060, Plaintiff pleads for the statutory eighteen percent (18%) interest on its damages.

E.  **VIOLATION OF THE DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT ("DTPA"), TEX. BUS. & COM. CODE §§ 17.41, et seq.**

40. Plaintiff hereby repeats and incorporates by reference all allegations set forth in the proceeding paragraphs.

41. Plaintiff is a consumer under the DTPA.

42. Defendant can be sued under the DTPA.

43. Defendant violated the DTPA by violating Texas Insurance Code chapter 541. *See* Tex. Bus. & Com. Code 17.50(a)(1)(4) (allowing a plaintiff to maintain a DTPA action against a defendant when the defendant violates Texas Insurance Code chapter 541). Here, Defendant has violated the following sections of chapter 541:

    a. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (section 541.060(a)(2)); and

    b. Failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim or for the offer of a compromise settlement of a claim (section 541.060(a)(3)).

44. Defendant's actions were a producing cause of Plaintiff's damages.

45. Upon information and belief, Plaintiff will show that these acts and omissions by Defendant was done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, Plaintiff requests that the trier of fact award Plaintiff additional damages of up to three times the sum of economic damages suffered pursuant to Section 17.50(b)(1) of the Texas Business and Commercial Code.

46. Plaintiff gave notice of its intention to file this action more than sixty (60) days prior to the filing hereof in conformity with 17.505(a) of the Texas Business and Commercial Code.

F.  **ATTORNEYS' FEES**

47.  Plaintiff seeks the recovery of its costs and attorneys' fees pursuant to section 38.001 et. seq. of the Texas Civil Practices and Remedies Code.

48.  Plaintiff also seeks the recovery of its costs and attorneys' fees pursuant to Texas Insurance Code section 541.152(a).

49.  Plaintiff also seeks the recovery of its costs and attorneys' fees pursuant to Texas Business and Commerce Code section 17.50(d).

## VII.
## CONDITIONS PRECEDENT

50.  All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VIII.
## JURY DEMAND

51.  Plaintiff respectfully requests a trial by jury.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial Plaintiff have the following against Defendant:

(a)  actual damages;

(b)  treble damages;

(c)  eighteen percent (18%) interest per annum on Plaintiff's damages from the date of Plaintiff's notice of claim to Defendant until the day the judgment is signed;

(d)  pre-judgment and post-judgment interest at the highest rate provided by law until paid;

(e)  attorneys' fees;

(f)     all costs incurred in prosecuting this action; and

(g)     such other and further relief, general or special, whether at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

CURNUTT & HAFER, L.L.P.

By: */s/Kelly J. Curnutt*
    Kelly J. Curnutt
    State Bar No. 00787316
    KCurnutt@CurnuttHafer.com
    Cash H. Barker
    State Bar No. 24116073
    CBarker@CurnuttHafer.com

301 West Abram Street
Arlington, TX 76010
(817) 548-1000 - Telephone
(817) 548-1070 - Facsimile

*ATTORNEYS FOR PLAINTIFF*

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### CITATION

Cause No. 141-324710-21

SHADY OAKS BAPTIST CHURCH OF HURST
VS.
UNITED FIRE AND CASUALTY CO.

TO: UNITED FIRE & CASUALTY COMPANY

B/S CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 141st District Court, 100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

SHADY OAKS BAPTIST CHURCH OF HURST

Filed in said Court on April 15th, 2021 Against
UNITED FIRE & CASUALTY COMPANY

| Date | Time | Server-Initials |
|---|---|---|
| 4-19-21 | 12:25 PM | GC |
| | | |
| | | |

For suit, said suit being numbered 141-324710-21 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

KELLY J CURNUTT
Attorney for SHADY OAKS BAPTIST CHURCH OF HURST   Phone No. (817)548-1000
Address        301 W ABRAM ST ARLINGTON, TX 76010

_____Thomas A. Wilder_____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 16th day of April, 2021.

By _Natalie Thigpen_
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 04/16/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *14132471021000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $ _____    _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                                    _____
                                    County of _____, State of _____


DEFENDANT'S EXHIBIT
D

# CITATION

Cause No. 141-324710-21

SHADY OAKS BAPTIST CHURCH OF HURST

VS.

UNITED FIRE AND CASUALTY CO.

ISSUED

This 16th day of April, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      NATALIE THIGPEN Deputy

---

KELLY J CURNUTT
Attorney for: SHADY OAKS BAPTIST CHURCH OF HURST
Phone No. (817)548-1000
ADDRESS: 301 W ABRAM ST

ARLINGTON, TX 76010

*CIVIL LAW*



*14132471021000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 04/19/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Apr 19, 2021

**Server Name:** Jerry Caldwell

| Entity Served | UNITED FIRE&CASUALTY COMPANY |
|---|---|
| Agent Name | |
| Case Number | 14132471021 |
| Jurisdiction | TX |



141-324710-21

FILED
TARRANT COUNTY
5/6/2021 4:59 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 141-324710-21

| | | |
|---|---|---|
| SHADY OAKS BAPTIST CHURCH OF HURST | § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | 141ST JUDICIAL DISTRICT |
| UNITED FIRE AND CASUALTY CO. | § § § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **UNITED FIRE AND CASUALTY COMPANY,** Defendant in the above-entitled and numbered cause, and files this ORIGINAL ANSWER replying to PLAINTIFF'S ORIGINAL PETITION and for same says:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial and demands that Plaintiff prove its allegations by a preponderance of the evidence.

### NOTICE OF CONSENT TO ELECTRONIC SERVICE

Defendant consents to electronic service of pleadings, motions, orders, notices, and discovery in this cause _only_ when service is completed through eFileTexas.gov, the state-authorized electronic filing manager.

### PRAYER

WHEREFORE, Defendant **UNITED FIRE AND CASUALTY COMPANY** prays that Plaintiff recover nothing from it by way of this suit; that this Defendant recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.



050521   RFS:lea: 7710-008 ANS/JD

        Respectfully submitted,

        **BROCK ♦ GUERRA**
        **STRANDMO DIMALINE JONES, P.C.**
        17339 Redland Road
        San Antonio, Texas 78247-2304
        (210) 979-0100 Telephone
        (210) 979-7810 Facsimile

        BY: _/s/ Robert F. Scheihing_
        ROBERT F. SCHEIHING
        State Bar No. 17736350
        Email: bscheihing@brock.law

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 6 day of May, 2021, to:

| | |
|---|---|
| Kelly J. Curnutt | Fax No. 817/548-1070 |
| Cash H. Barker | Email: kcurnutt@curnutthafer.com |
| Curnutt & Hafer, LLP |        cbarker@curnutthafer.com |
| 301 West Abram Street | |
| Arlington, Texas 76010 | |

_/s/ Robert F. Scheihing_
ROBERT F. SCHEIHING

050521  RFS:lea: 7710-008 ANS/JD

141-324710-21

FILED
TARRANT COUNTY
5/6/2021 4:59 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 141-324710-21

| | | |
|---|---|---|
| SHADY OAKS BAPTIST CHURCH OF HURST | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | 141ST JUDICIAL DISTRICT |
| UNITED FIRE AND CASUALTY CO. | § § § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

### DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **UNITED FIRE AND CASUALTY COMPANY**, Defendant in the above-entitled and numbered cause, and makes this DEMAND FOR JURY TRIAL.

Respectfully submitted,

**BROCK ♦ GUERRA
STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
ROBERT F. SCHEIHING
State Bar No. 17736350
Email: bscheihing@brock.law

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this ___ day of _____, 2021, to:

Kelly J. Curnutt
Cash H. Barker
Curnutt & Hafer, LLP
301 West Abram Street
Arlington, Texas 76010

Fax No. 817/548-1070
Email: kcurnutt@curnutthafer.com
cbarker@curnutthafer.com

_____
ROBERT F. SCHEIHING


DEFENDANT'S EXHIBIT F



```
                                                               FILED
                                                          TARRANT COUNTY
                                                          5/11/2021 2:20 PM
                                                          THOMAS A. WILDER
                                                           DISTRICT CLERK
```

**ARLINGTON OFFICE**

KELLY J. CURNUTT
BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW
DIRECT DIAL – (817) 548-1180
EMAIL – KCurnutt@CurnuttHafer.com

May 11, 2021

**Via E-File**
Jeff Fisher
Court Administrator
141st Judicial District Court
Tom Vandergriff Civil Courts Building
100 North Calhoun Street, 3rd Floor
Fort Worth, Texas 76196

Re: *Shady Oaks Baptist Church of Hurst vs. United Fire and Casualty Co.*; Cause No. 141-324710-21 in the 141st Judicial District Court of Tarrant County, Texas

Dear Mr. Fisher:

Pursuant to Tarrant County Local Rules, I am writing this letter to advise the Court that I will be taking the following brief vacations this year:

(1) May 17 through 21;
(2) June 14 through 18;
(3) July 5 through 8; and
(4) August 9 through 13.

By copy of this letter, I am respectfully asking the Court to not schedule any trials, hearings or depositions during these time periods. I will forward a copy of this letter to Defendant and/or Defendant's counsel of record.

Thank you for your kind attention and cooperation.

Very truly yours,

/s/Kelly J. Curnutt
State Bar No. 00787316
KCurnutt@CurnuttHafer.com

EXHIBIT G

cc: Robert F. Scheihing *(via e-service)*

301 WEST ABRAM ST., ARLINGTON, TEXAS 76010         107 WEST MAIN ST., PO BOX 273, DECATUR, TEXAS 76234
817.548.1000 (O) | 817.548.1070 (F)                             940.627.7792 (O)

www.CurnuttHafer.com

CAUSE NO. 141-324710-21

| | | |
|---|---|---|
| SHADY OAKS BAPTIST CHURCH OF HURST | § § § § | IN THE DISTRICT COURT |
| V. | § § | 141st JUDICIAL DISTRICT |
| UNITED FIRE AND CASUALTY COMPANY | § § § | TARRANT COUNTY, TEXAS |

### DEFENDANT UNITED FIRE AND CASUALTY COMPANY'S NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that on the 17th day of May, 2021, Defendant United Fire and Casualty Company ("Defendant"), filed with the clerk of the United States District Court for the Northern District of Texas, Fort Worth Division, it's Notice of Removal, together with copies of all process, pleadings and orders served upon it in the action pending against it in the 141st Judicial District Court, Tarrant County, Texas, styled *Shady Oaks Baptist Church of Hurst v. United Fire and Casualty Company,* Cause Number 141-324710-21.

True and correct copies of the Notice of Removal and the Appendix Filed in Support of the Notice of Removal are attached hereto as Exhibit "A" and included herein by reference for all purposes.

All further proceedings with respect to this action shall take place before the United States District Court.



1

7710008-03

                Respectfully submitted,

                **BROCK ♦ GUERRA**
                **STRANDMO DIMALINE JONES, P.C.**
                17339 Redland Road
                San Antonio, Texas 78247-2304
                (210) 979-0100 Telephone
                (210) 979-7810 Facsimile

By: _/s/ Robert F. Scheihing_
                ROBERT F. SCHEIHING
                State Bar No. 0177363500
                bscheihing@brock.law

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure this 17th day of May, 2021:

Kelly Curnutt                 Email: kcurnutt@curnutthafer.com
Cash H. Barker               Email: cbarker@curnutthafer.com
Curnutt Hafer, L.L.P.
301 West Abrams
Arlington, Texas 76010

_/s/ Robert F. Scheihing_
ROBERT F. SCHEIHING

2